IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN SCHLACHER, ALFRED SCHLACHER, and TERI SCHLACHER,<br><br>               Plaintiffs,<br><br>v.<br><br>LAW OFFICES OF PHILLIP ROTCHE & ASSOCIATES, P.C.<br><br>               Defendant. | Case No.: 08 CV 2844<br><br>Judge Shadur<br><br>Magistrate Judge Nolan |

### ANSWER TO COMPLAINT

Defendant, LAW OFFICES OF PHILLIP ROTCHE & ASSOCIATES, P.C., ("Rotche") by and through its attorneys, David M. Schultz and Corinne C. Heggie, and for its Answer to Plaintiffs' Complaint, states as follows:

### INTRODUCTION

1. Plaintiffs, Jean Schlacher ("Jean"), Alfred Schlacher ("Alfred") and Teri Schlacher ("Teri") collectively ("Plaintiffs") bring this action to secure redress against unlawful credit and collection practices engaged in by Defendant Law Offices of Phillip J. Rotche & Associates, P.C. ("Rotche") that violate multiple provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, ("FDCPA").

**ANSWER:** **Defendant admits plaintiffs allege that it violated the FDCPA. Defendant denies plaintiffs have a cause of action, denies it violated the FDCPA and denies plaintiffs are entitled to any damages against it whatsoever against it**.

2. Rotche has subjected Plaintiffs Jean and Teri to an abusive collection practice that included belittling comments made to inflict emotional distress and to humiliate Jean into paying $14 dollars a month by the 15th of every month until her debt incurred for a root canal is paid off. Rotche also impermissibly discussed Jean and Alfred's debt with multiple third panics.

**ANSWER:** **Defendant denies the allegations contained in paragraph 2**.

3. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a).

**ANSWER:**   Defendant denies the allegations contained in paragraph 3.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. § 1692k (FDCPA).

**ANSWER:**   Defendant does not contest jurisdiction.

5.   Venue and personal jurisdiction over Defendant in this District is proper because:

   a.   Plaintiffs reside in the District;

   b.   Rotche transacts business in the District and Rotche maintains an office within the district;

   c.   Rotche's collection activities through litigation, and the use of the telephone and mail occurred within the District.

**ANSWER:**   Defendant does not contest venue.

## PARTIES

6.   Plaintiffs are individuals who reside in the Northern District of Illinois.

**ANSWER:**   **At the time this Answer is made, defendant does not have information or knowledge sufficient to admit the truth or the falsity of the allegations contained in paragraph 6.**

7.   Rotche is an Illinois Professional Corporation with its principal place of business located at 320 S. Westmore Ave., Lombard, IL 60148. Its agent is Phillip J. Rotche.

**ANSWER:**   **Defendant admits it is an Illinois professional corporation with its principal place of business located at 320 South Westmore Avenue, Lombard, IL 60148. Defendant states that the term "agent" is vague and ambiguous and therefore denies the remaining allegations contained in paragraph 7.**

8. Rotche is engaged in the practice of filing suit on behalf of creditors against Illinois consumers on debts that are in default at the time of suit.

**ANSWER:   Defendant admits that from time to time it files suits on behalf of its clients to collect debts.  Defendant denies paragraph 8 accurately characterizes the nature of its business.  Defendant denies each and every remaining allegation in paragraph 8**.

9. Rotche is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.  *See also Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

**ANSWER:   Defendant admits the allegations contained in paragraph 9.**

# FACTS

10. Rotche on behalf of Plaintiff Jean's dentist creditor filed suit in DuPage County, Illinois, 07 SC 2139, against Alfred and Jean after Jean was late on her 23rd payment towards paying off the costs of her root canal (the "state court suit").

**ANSWER:   Defendant admits that it filed suit against Alfred and Jean Schlacher on behalf of its client Joseph R. Wells, D.D.S. under court number 07 SC 2139 in DuPage County, Illinois.  Defendant admits plaintiff Jean Schlacher was late on payments for dental work and suit was filed against her to collect the balance.  Defendant denies each and every remaining allegation contained in paragraph 10**.

11. In the state court matter, judgment was entered for the dentist creditor requiring payments in the amount of $14.00 per month until the debt remaining in the amount of $282.34 plus court costs in the amount of $220.00 and judgment interest was paid off.  The payments were to begin of May 15, 2007 and were to be paid on the 15th of each month.

**ANSWER:   Defendant admits the allegations contained in paragraph 11.**

12. Plaintiffs Jean and Alfred failed to make a timely payment by May 15, 2007, to Rotche.

**ANSWER:   Defendant admits the allegations contained in paragraph 12.**

3

13.　　On May 17, 2007, an employee of Rotche, William G. Sligar ("Mr. Sligar"), contacted Jean by telephone.

**ANSWER:**　　**Defendant admits the allegations contained in paragraph 13.**

14.　　During the conversation Mr. Sligar:

a.　　Asked Jean, ***"Are you retarded?"*** (emphasis added).

b.　　Stated that by violating the state court order Jean was displaying "criminal" behavior.

c.　　Shouted at Jean.

d.　　Stated that Jean had played her, "little games in court" and now she was going to have to pay.

e.　　In response to Jean's inquiry as to a penalty for a late payment he stated, "Why don't we just make it a surprise."

**ANSWER:**　　**Defendant denies the allegations contained in paragraph 14 (a) through (e) inclusive thereof.**

15.　　Jean then called back to speak with Mr. Rotche, but when he was not available opted to speak with Mr. Sligar again.

**ANSWER:**　　**Defendant admits Jean Schlacher called its office. Defendant admits Jean Schlacher spoke to Mr. Sligar. Defendant denies the remaining allegations contained in paragraph 15.**

16.　　Jean believed from these May 17, 2007 conversations with Mr. Sligar that she would be jailed.

**ANSWER:**　　**Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the information contained in paragraph 16**.

17. Jean believed from these May 17, 2007 conversations with Mr. Sligar a warrant had already been issued for her arrest.

**ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the information contained in paragraph 17.**

18. Jean became so emotionally distraught after the May 17, 2007 phone conversations with Mr. Silgar that her daughter called Mr. Sligar to inquire about what exactly did he mean by a "surprise" and how could they stop the police from taking Jean to jail.

**ANSWER:   Defendant admits Jean's daughter called its office after May 17, 2007. Defendant is without knowledge or information sufficient to form a belief as to the truth or the falsity of the remaining allegations contained in paragraph 18.**

19. Teri contacted Mr. Silgar and he informed her that the matter with Jean was none of her business he then he hung up on her.

**ANSWER:   Defendant admits Teri called its office. Defendant states Mr. Sligar informed Teri that he could not discuss any aspect of the matter with Jean with her (Teri). Defendant admits Mr. Sligar hung up on Teri when Teri became argumentative and verbally abusive. Defendant denies each and every remaining allegation contained in paragraph 19.**

20. Mr. Silgar sung in a child's tattling voice that Teri's mom was going to jail.

**ANSWER:   Defendant denies the allegations contained in paragraph 20.**

21. Mr. Silgar stated that Teri was also going to jail.

**ANSWER:   Defendant denies the allegations contained in paragraph 21.**

22. Mr. Silgar told Teri that he was going to call the Lombard Police to file a complaint against her. Mr. Silgar had no intention of actually calling the police to file a complaint for Teri's phone calls to him.

5

6330505v1 889735

**ANSWER:** **Defendant admits that Mr. Sligar told Teri he was going to call the Lombard Police to file a complaint against her. Defendant denies the remaining allegations contained in paragraph 22.**

23.   Mr. Silgar recorded the phone conversation with Teri. Teri did not know that Mr. Silgar was recording the conversation until he played back a portion of their conversation. On information and belief Mr. Silgar also taped his conversations with Jean.

**ANSWER:** **Defendant admits Mr. Sligar recorded a small portion of his conversation with Teri. Defendant is without knowledge or information sufficient to admit the truth or the falsity of the allegations contained in the second sentence of paragraph 23. At the time this answer is made, defendant denies the allegations contained in the third sentence of paragraph 23.**

24.   In a letter dated May 22, 2007, on Rotche's letterhead, Mr. Silgar wrote Jean the following:

    a.   "Each payment is DUE IN THIS OFFICE ON THE 15TH DAY OF EACH MONTH. *Is that clear enough for you?"* (emphasis added).

    b.   "Be advised, if any, and I do mean any, future payment fails to reach THIS OFFICE by the 15th day of the month we will immediately notify the Court of your violation of the Order, and your attempt to sub-vert the Order by filing a false complaint against this office."

**ANSWER:** **Defendant admits the allegations contained in paragraph 24, (a)-(b) inclusive thereof.**

25.   In a letter dated May 30, 2007, a redacted copy is attached hereto as (Exhibit l) on Rotche's letterhead, Mr. Silgar wrote Teri the following:

    a.   "Exactly where did you get the idea that the police instructed me to stop calling your mother's home?"

    b.   "I repeatedly hung up on you because you have no standing in this case, and your opinion doesn't matter"

6

  c. "... I can file criminal charges of telephone harassment against you at any time within 1 year from the date of your calls to this office."

  d. "And, while you are looking for someone to blame for *your inability to act and think as an adult,* lets [sic] not forget why the account was sent to this office." (emphasis added).

  e. "With regard to the $10.00 check, *are you cable [sic] of understanding* that we take our instruction from our client, not from the debtor." (emphasis added).

  f. *"Why is that so hard for you, and people like you, to understand?"* (emphasis added).

  g. "... is actually a complement [sic] *coming from a person with your obvious social deficiencies.* But, as they say whatever helps you sleep at night." (emphasis added).

  **ANSWER:** Defendant admits the allegations contained in paragraph 25 (a) through (g) inclusive thereof.

26. Neither Jean nor Alfred gave Mr. Sligar or Rotche permission to send the May 30, 2007 letter to Teri nor did they give Mr. Sligar or Rotche permission to speak to Teri regarding their debt.

  **ANSWER:** Defendant denies the allegations contained in paragraph 26.

27. In a letter dated May 22, 2007, on Rotche's letterhead, Mr. Sligar wrote Jean that, "[Teri] really has a vivid imagination."

  **ANSWER:** Defendant denies the allegations contained in paragraph 27.

28. On information and belief, at some point after the May 2007 communications with Plaintiffs, Mr. Sligar drove past the home in which Jean lives.

  **ANSWER:** Defendant denies the allegations contained in paragraph 28.

29. Within one year prior to the filing of this Complaint Mr. Sligar, on Rotche's letterhead and on behalf of Rotche, without Jean's or Alfred's permission communicated in

writing with a third party, not any family member of Plaintiffs or Plaintiffs' creditor, regarding the debt in the state court suit.

**ANSWER:** **Defendant denies the allegations contained in paragraph 29.**

30. At all times relevant to this complaint, Mr. Sligar was an employee of Rotche acting within the scope of his employment with Rotche.

**ANSWER:** **Defendant admits Mr. Sligar is its employee. Defendant denies the remaining allegations contained in paragraph 30.**

31. Plaintiffs Jean and Teri have suffered humiliation, fear of criminal prosecution and emotional distress as a result of Mr. Sligar's conduct. Jean has suffered physical illness as a result of Mr. Sligar's conduct.

**ANSWER:** **Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 31.**

### COUNT I — FDCPA § 1692D CLAIMS

32. Plaintiffs incorporate paragraphs 1-31 above.

**ANSWER:** **Defendant restates and realleges its answers to paragraph 1-31 above as and for its answer to paragraph 32 of Count I.**

33. This claim is made on behalf of Plaintiffs Jean and Terri.

**ANSWER:** **Defendant admits the allegations contained in paragraph 33 of Count I.**

34. 15 U.S.C. § 1692d, in pertinent part, provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the

general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

**ANSWER:** **Defendant admits plaintiffs recite portions of §1692d in paragraph 34. Defendant denies it violated the FDCPA or §1692d specifically and therefore denies the allegations contained in paragraph 34 of Count I.**

35. Rotche violated 15 U.S.C. §§ 1692d, d(2).

**ANSWER:** **Defendant denies the allegations contained in paragraph 35 of Count I.**

### COUNT II — FDCPA § 1692E CLAIMS

36. Plaintiff incorporates paragraphs 1-31 above.

**ANSWER:** **Defendant restates and realleges its answers to paragraph 1-31 above as and for its answer to paragraph 36 of Count II.**

37. This claim is made on behalf of Plaintiffs Jean and Terri.

**ANSWER:** **Defendant admits the allegations contained in paragraph 37 of Count II.**

38. 15 U.S.C. § 1692e, in pertinent part, provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

9

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken... .
>
> \* \* \*
>
> (7) The false representation or implication that the consumer committed arty crime or other conduct in order to disgrace the consumer.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:** **Defendant admits plaintiffs recite portions of §1692e in paragraph 38. Defendant denies it violated the FDCPA or §1692e specifically and therefore denies the allegations contained in paragraph 38 of Count II**.

39. Rotche violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(7) and 1692c(10).

**ANSWER:** **Defendant denies the allegations contained in paragraph 39 of Count II.**

### COUNT III — FDCPA § 1692C(B) CLAIM

40. Plaintiff incorporates paragraphs 1-31 above.

**ANSWER:** **Defendant restates and realleges its answers to paragraph 1-31 above as and for its answer to paragraph 40 of Count III.**

41. This claim is made on behalf of Plaintiffs Alfred and Jean.

**ANSWER:** **Defendant admits the allegations contained in paragraph 41 of Count III.**

42. The FDCPA prohibits debt collectors from communicating with most third parties.

**ANSWER:** **Defendant admits the FDCPA places restrictions on debt collectors regarding its contact with third parties. Defendant denies each and every remaining allegation contained in paragraph 42 of Count III.**

43. 15 U.S.C. § 1692c(b) provides:

> (b) COMMUNICATION WITH THIRD PARTIES. Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

**ANSWER:** **Defendant admits plaintiffs recite portions of §1692c in paragraph 43. Defendant denies it violated the FDCPA or §1692c specifically and therefore denies the allegations contained in paragraph 43 of Count III.**

44. Rotche violated 15 U.S.C. § 1692c(b).

**ANSWER:** **Defendant denies the allegations contained in paragraph 44 of Count III.**

### COUNT IV - FDCPA § 1692F

45. Plaintiff incorporates paragraphs 1-31 above.

**ANSWER:** **Defendant restates and realleges its answers to paragraph 1-31 above as and for its answer to paragraph 45 of Count IV.**

46. This claim is made on behalf of Plaintiffs Jean and Terri.

**ANSWER:** **Defendant admits the allegations contained in paragraph 46 of Count IV.**

47. 15 U.S.C. §1692f in pertinent part, states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER: Defendant admits plaintiffs paraphrase §1692f in paragraph 47. Defendant denies it violated the FDCPA or §1692f specifically and therefore denies the allegations contained in paragraph 47 of Count IV.**

48. A person commits eavesdropping when he:

> (1) Knowingly and intentionally uses an eavesdropping device for the purpose of hearing or recording all or any part of any conversation or intercepts, retains, or transcribes electronic. communication unless he does so (A) with the consent of all of the parties to such conversation or electronic communication . . .

*People v. Coleman*, 227 Ill. 2d 426, 435, 882 N.E.2d 1025 (Ill. 2008) (*quoting* 720 ILCS 5/14-2 (West 2004)).

**ANSWER: Defendant admits plaintiffs purport to cite portions of a case and an Illinois statute in paragraph 48. Defendant denies it violated 720 ILCS 5/14-2 (West 2004) or that *People v. Coleman* applies to this case and therefore denies the allegations contained in paragraph 48 of Count IV.**

49. Mr. Silgar committed eavesdropping as defined under Illinois law.

**ANSWER: Defendant denies the allegations contained in paragraph 49 of Count IV.**

50. Rotche can be held accountable for Mr. Silgar's actions if found to be a "Principal" as defined within the eavesdropping statute.

**ANSWER:** Defendant denies the allegations contained in paragraph 50 of Count IV.

51. Rotche violated 15 U.S.C. § 1692f.

**ANSWER:** Defendant denies the allegations contained in paragraph 51 of Count IV.

WHEREFORE, Defendant, LAW OFFICES OF PHILLIP ROTCHE & ASSOCIATES, P.C., respectfully requests that judgment be entered in its favor and against plaintiffs on plaintiffs' Complaint and for any other relief this court deems appropriate and just.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant states that any violation of the FDCPA which defendant denies occurred, occurred notwithstanding procedures in place that were designed to avoid such violations.

### Second Affirmative Defense

Defendant states that plaintiffs cannot use the FDCPA to enforce alleged violations of Illinois state law. *See, Wade v. Regional Credit Ass'n.,* 87 F.3d 1098, 1099 (9th Cir. 1996); *Carlson v. First Revenue Assurance*, 359 F.3d 1015, 1018 (8th Cir. 2004)("The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation."); *Harvey v. Great Seneca Fin. Corp., et al.*, 453 F.3d 324, 330-31 (6th Cir. 2006)("Even when viewed from the perspective of the unsophisticated consumer, the filing of a debt-collection lawsuit…..does not have the natural consequence of harassing, abusing or oppressing the debtor. Any attempt to collect a defaulted debt will be unwanted…but employing the court system…cannot be said to be an abusive tactic under the FDCPA."); *Beler v. Blatt, Hasenmiller, Liebsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007).

**Third Affirmative Defense**

Rotche states it is entitled to assert the litigation privilege as a bar to plaintiffs' FDCPA claims. Plaintiffs challenge statements made by Rotche in the state case to collect Jean's unpaid dentist bill. Plaintiffs allege Rotche engaged in actions that were violation of the §1692e, d, c and f in collecting the debt once the payment plan was in place. However, the actions that plaintiffs challenge under the FDCPA took place during the course of the state case and thus the statements are protected by the litigation privilege. As such, Rotche can assert the litigation privilege to plaintiffs' FDCPA claims to the extent they are associated with the state court case. *MacGregor v. Rutberg*, no. 06-2829, slip op., p. 2-3 (7th Cir. February 27, 2007); *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc., et al.*, slip op., case no. 06CV1124 JAH (BLM), *6-7 (S.D.Cal. February 14, 2007); *see also, Malevits v. Friedman*, 753 N.E.2d 404, 406-7 (Ill. App. 1st Dist. 2001); *NSB Tech. Inc. v. Spec. Direct Marketing, Inc.*, 2004 WL 1918708, *3 (N.D.Ill. 2004).

                                               Respectfully Submitted,

                                               /s/ Corinne C. Heggie
                                               One of the attorneys for Defendant,
                                               Law Office of Phillip Rotche & Associates, P.C.

David M. Schultz
Corinne C. Heggie
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601-1081
312-704-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN SCHLACHER, ALFRED SCHLACHER, and TERI SCHLACHER, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No.: 08 CV 2844 |
| LAW OFFICES OF PHILLIP ROTCHE & ASSOCIATES, P.C. ) ) ) ) | Judge Shadur |
| ) | Magistrate Judge Nolan |
| Defendant. ) | |

**NOTICE OF FILING**

TO:

| Curtis C. Warner | Colleen M. McLaughlin LAW | Dmitry N. Feofanov |
| WARNER LAW FIRM, LLC | OFFICES OF COLLEEN M. | COHN BAUGHMAN & MARTIN |
| Millennium Park Plaza | MCLAUGHLIN | 333 W. Wacker Dr., |
| 155 N. Michigan Ave., Ste. 737 | 1751 S. Naperville Rd., Ste. 209 | Ste. 900 |
| Chicago, IL 60601 | Wheaton, IL 60187 | Chicago, IL 60606 |
| cwarner@warnerlawllc.com | colleen@cmmclaw.com | feofanov@chicagolemonlaw.com |

PLEASE TAKE NOTICE that on **July 7, 2008,** we caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, Defendant's **ANSWER TO COMPLAINT**, in connection with the above entitled cause, a copy of which is attached hereto.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

David M. Schultz                                             s/ *Corinne C. Heggie*
Corinne C. Heggie                                           Corinne C. Heggie
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
312/704-3000
312/704-3001 – facsimile
dschultz@hinshawlaw.com
cheggie@hinshawlaw.com

6337626v1 889735

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on **July 7, 2008,** I electronically filed the above and foregoing **NOTICE OF FILING and ANSWER TO COMPLAINT** with the Clerk of the U.S. District Court, using the CM/ECF system reflecting service of to be served upon all parties of record.

                                                HINSHAW & CULBERTSON LLP

| | |
|---|---|
| David M. Schultz<br>Corinne C. Heggie<br>HINSHAW & CULBERTSON LLP<br>222 North LaSalle Street, Suite 300<br>Chicago, Illinois 60601<br>312/704-3000<br>312/704-3001 – facsimile<br>dschultz@hinshawlaw.com<br>cheggie@hinshawlaw.com | s/ *Corinne C. Heggie*<br>Corinne C. Heggie |

2