IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN SCHLACHER, ALFRED SCHLACHER, and TERI SCHLACHER, <br><br> Plaintiffs, <br><br> v. <br><br> LAW OFFICES OF PHILLIP J. ROTCHE & ASSOCIATES, P.C. <br><br> Defendant, | 08 C 2844 <br><br> Judge Shadur <br><br> Magistrate Judge Nolan |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S
THRID AFFIRMATIVE DEFENSE**

NOW COME Plaintiffs Jean Schlacher, Alfred Schlacher and Teri Schlacher ("Plaintiffs") by and through their counsel and motions this Honorable Court to Strike Defendant Law Offices of Phillip J. Rotche & Associates, P.C.'s ("Rotche") Third Affirmative Defense under Rule 12(f) as it is insufficient as a matter of law.

In support of this motion, Plaintiffs state the following:

**FACTS**

The facts material to this motion are not in dispute. Plaintiff has alleged multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*., ("FDCPA") arising out of Mr. Silgar's, Rotche's employee's, conduct in an attempt to collect a debt after that debt had been reduced to a judgment. Rotche is a law firm in Illinois. Rotche has raised as its Third Affirmative Defense the following:

> Rotche states it is entitled to assert the litigation privilege as a bar to plaintiffs' FDCPA claims. Plaintiffs challenge statements made by Rotche in the state case to collect Jean's unpaid dentist bill. Plaintiffs allege Rotche engaged in actions that were violation of the §1692e, d, c and f in collecting the debt once the payment plan was in place. However, the actions that plaintiffs challenge under

the FDCPA took place during the course of the state case and thus the statements are protected by the litigation privilege. As such, Rotche can assert the litigation privilege to plaintiffs' FDCPA claims to the extent they are associated with the state court case. *MacGregor v. Rutberg*, no. 06-2829, slip op., p. 2-3 (7th Cir. February 27, 2007); *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc., et al.*, slip op., case no. 06CV1124 JAH (BLM), *6-7 (S.D.Cal. February 14, 2007); *see also, Malevits v. Friedman*, 753 N.E.2d 404, 406-7 (Ill. App. 1st Dist. 2001); *NSB Tech. Inc. v. Spec. Direct Marketing, Inc.*, 2004 WL 1918708, *3 (N.D.Ill. 2004).

(Dkt. 16, Def. Ans., p. 14).

## ARGUMENT

Under Rule 12(f) a court may strike, "from any pleading any *insufficient defense* or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f) (emphasis added). Three sister courts in the Northern District of Illinois within the past year have rejected the defendant debt collector's same argument that their conduct related to a state court debt collection case is a bar to the plaintiff's FDCPA case. As such, Rotche's litigation privilege asserted defense is insufficient and should be struck.

In *Parkis v. Arrow Fin. Servs.*, Case No. 07 C 410, 2008 U.S. Dist. LEXIS 1212 * 24-25 (N.D. Ill. Jan. 8, 2008) the court denied the defendant debt collector's motion for summary judgment on the basis of litigation privilege as follows:

> Third, Defendants claim that state and federal litigation privileges shield Defendants from any alleged claims based on the debt-collection complaint. As an initial matter, state litigation privileges do not bar claims brought under federal law. *Steffes v. Stepan Co.*, 144 F.3d 1070, 1073 (7th Cir. 1998). The remaining question is whether federal litigation privileges shield Defendants in the present case. The FDCPA itself does not authorize any litigation privileges. Neither do the Defendants present any cases where federal litigation privileges barred filing a FDCPA claim for suing on time-barred debts. Rather, federal courts have entertained several cases where suing on time-barred debts in state court were alleged to violate the FDCPA. See *Stepney v. Outsourcing Solutions*, 1997 U.S. Dist. LEXIS 18264 (D. Ill. 1997); *Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480 (D. Ala. 1987); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991). Litigation privilege provides litigants with unfettered access to the courts and opportunity to fully litigate their claims, without fear of tort

2

> liability in derivative litigation. This reasoning is not applicable to the present case, and this court finds no reason to bar this lawsuit on grounds of litigation privilege. Defendants' motion for summary judgment on the ground of litigation privilege is denied.

*Parkis*, 2008 U.S. Dist. LEXIS 1212 * 24-25.

In *Foster v. Velocity Invs., LLC*, Case No.s. 07 C 0824 and 07 C 2989, 2007 U.S. Dist. LEXIS 63302 (N.D. Ill Aug. 24, 2007), the court denied the defendant debt collector's motion to dismiss where litigation privilege was asserted as follows:

> Defendant further maintains that Plaintiffs' claims are barred by the Illinois Litigation Privilege. 'A state absolute litigation privilege purporting to confer immunity from suit cannot defeat a federal cause of action.' *Steffes v. Stepan Co.,* 144 F.3d 1070, 1074 (7th Cir. 1998)(citing *Kimes v. Stone,* 84 F.3d 1121, 1127 (9th Cir. 1996)); *see also Gray-Mapp v. Sherman,* 100 F. Supp. 2d 810, 812 (N.D. Ill. 1999)(refusing to apply Illinois' litigation privilege to FDCPA claims). Because Plaintiffs assert federal rather than state law claims, Plaintiffs' claims arising under the FDCPA are not barred by the Illinois Litigation Privilege.

*Foster*, 2007 U.S. Dist. LEXIS 63302 at * 10.

Likewise in *Chavez v. Bowman, Heintz, Boscia & Vician*, Case No. 07 C 670, 2007 U.S. Dist. LEXIS 61936 (N.D. Ill. Aug. 22, 2007), the court denied the defendant debt collector's motion to dismiss where litigation privilege was asserted as follows:

> The Defendants' second argument -- that the litigation privilege affords them immunity -- is contrary to the weight of case law. The Seventh Circuit has not addressed the litigation privilege in the context of FDCPA litigation but has rejected the application of the litigation privilege in the context of Americans with Disabilities Act ("ADA") and Title VII litigation, *Steffes v. Stepan Co.,* 144 F.3d 1070, 1075 (7th Cir. 1998) ('recognition of the litigation privilege sought by the appellees could interfere with the policies underlying the anti-retaliation provisions of Title VII and the ADA.'). Further, both the Sixth and the Fourth Circuits have rejected this argument in the context of the FDCPA. *Todd v. Weltman, Weinberg & Reis, Co. L.P.A.,* 434 F.3d 432, 437 (6th Cir. 2006), *cert. denied,* 127 S. Ct. 261, 166 L. Ed. 2d 151 (2006) (rejecting the attorney's request to apply the state's common-law litigation privilege and bar the plaintiff's FDCPA claim as, '[t]he purpose of this immunity is to preserve the integrity of our judicial system, not to assist a self-interested party who allegedly lies in an affidavit to initiate a garnishment proceeding.'). The Fourth Circuit reached the same conclusion in *Sayyed v. Wolpoff & Abramson,* 485 F.3d 226, 230 (4th Cir. 2007)

> ('The statutory text makes clear that there is no blanket common-law litigation immunity from the requirements of the FDCPA.'). Thus, again, this does not serve as a basis for dismissal of Plaintiff's claims.

*Chavez*, 2007 U.S. Dist. LEXIS 61936 * 6 – 7.

Prior to these three recent cases, in *Weniger v. Arrow Financial Services*, No. 03 C 6213, 2004 WL 2609192 (N.D. Ill. Nov. 17, 2004), the court held, "Because [the plaintiff] states a federal cause of action under the FDCPA, the common law litigation privilege does not bar his claim" that the defendant's attorneys sought legal fees to which they were not entitled to. *Weniger*, 2004 WL 2609192 at * 4 (*quoting Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir.1998)).

Rotche's Third Affirmative Defense that the litigation privilege affords it immunity is also contrary to *Heintz v. Jenkins*, 514 U.S. 291 (1995), where a unanimous Supreme Court held that the FDCPA, "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, *even when that activity consists of litigation*[,]" (emphasis added). *Heintz*, 514 U.S. at 299. Simply put, the FDCPA does not incorporate state common law immunities. The FDCPA has its source in the Federal Trade Commission Act, 15 U.S.C. § 45, which is not tied to common law standards. *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 240, 243 (1972). There is no indication that in creating a federal remedy for improper debt collection practices, Congress also intended to incorporate state law immunities. This contention is supported within the FDCPA's exemption of persons from the Act at 15 U.S.C. §1692a(6)(a)-(f), and the immunity provisions at § 1692(e)(11) and § 1692g(d). The FDCPA even provides its own affirmative defenses to liability in 15 U.S.C. §§ 1692k(c), (e). Therefore under the statutory maxim *expressio unius est exclusio alterius*, the plain language of the FDCPA strongly suggests that Congress' creation of exemptions, immunities and affirmative defenses within the FDCPA were intended to exclude all others. *See e.g. TRW, Inc. v. Andrews*, 534 U.S. 19, 28 (2001).

Furthermore, section 1692n specifically addresses the interaction of state law with the FDCPA. Section 1692n provides that state laws inconsistent with the FDCPA are preempted. 15 U.S.C. § 1692n. The FDCPA also specifically provides that only any state law that provides *greater protection to the consumer* is not preempted. *Id*.

Adopting Rotche's Third Affirmative Defense would have the effect of requesting that this Court to make new federal common law[1] based upon the Illinois litigation privilege, *see e.g. NSB Tech, Inc. v. Spec. Direct Marketing, Inc.*, 2004 WL 1918708 (N.D. Ill. 2004)), would be detrimental to consumers, undermines the intent of the FDCPA, and is contrary to the construction principals for creating federal common law. *See Baravati v. Josephthal, Lyon & Ross*, 28 F.3d 704, 707 (7th Cir. 1994) ("A standard way in which federal courts make federal common law is by adopting the law of the state whose law would govern in the absence of federal law, *subject to the implicit proviso that the adopted state law be consistent with federal policy*") (emphasis added); *see also Crossley v. Lieberman*, 868 F.2d 566, 570 (3d. Cir. 1989) (a violation of the FDCPA by an attorney is more egregious as a consumer reacts with more duress than they would to a lay collector).

Congress when enacting legislation does so against a background of common-law adjudicatory principles and where a common law principle, such as attorney litigation privilege for example, is well established, "the courts may take it as given that Congress has legislated with an expectation that the principle will apply *except when a statutory purpose to the contrary is evident*." *Astoria Fed. Savings & Loan Assn. v. Solimino*, 501 U.S. 104, 108 (1991) (emphasis added). The text of the FDCPA strongly suggests that Congress did not intend for the common

---

[1] In support of its Third Affirmative Defense, Defendant cite *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.*, 473 F.Supp.2d 1083 (S.D. Cal. 2007) which held that, "California's litigation privilege . . . shield[ed the] defendant from violations of the FDCPA." However, contrary law exists in interpreting California law. *Irwin v. Mascott*, 112 F. Supp.2d 937, 952, 962-63 (N.D. Cal. 2000) holding that California's litigation privilege is not applicable to FDCPA claims where attorney would send consumers copies of lawsuits that he did not intend to file against them.

law litigation privilege to apply as doing so is contrary to 15 U.S.C. § 1692n, the purpose of the Act and specific provisions within the Act. *Hartman*, 467 F.Supp.2d at 776 ("Congress clearly intended to regulate the 'process' of debt collection, and nothing in the statute exempts testimonial documents filed by a debt collector. Moreover, recognition of an absolute witness immunity as defendant urges would be contrary to the statutory purpose of the FDCPA").

To create a federal common law privilege as to the FDCPA would also directly conflict with provisions of the FDCPA that strongly indicate that the violation can occur during the process of litigation. 15 U.S.C. § 1692e(2)(A)(B) (false representation of the "character, amount, or legal status of any debt" * * * "compensation which may be lawfully received by any debt collector for the collection of a debt"); § 1692e(15) ("The false representation or implication that documents are not legal process forms or do not require action by the consumer"); §1692g(c) (consumer's failure to dispute a debt is not "an admission of liability" in any court proceeding); § 1692i (collection suit may only be brought in the proper venue); 15 U.S.C § 1692f(1) ("The collection of any amount including any interest, fee, charge, or expense incidental to the principal obligation unless such amount is expressly authorized by the agreement creating the debt or permitted by law"); 15 U.S.C.§1692c(b) (third party communications which are "reasonably necessary to effectuate a postjudgment judicial remedy); §1692e(4) (threats of garnishment or attachment of wages or other property, "unless such action is lawful and the debt collector or creditor intends to take such action"). Sections1692d, 1692e and1692f's each contain the identical expansive catchall provision "Without limiting the general application of the foregoing . . . ." and that these general provisions will "enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed." *See* S. Rep. No. 95-382, at 4 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1698.

6

Rotche however asks this Court to create new federal common law and extend the litigation privilege which, "mainly protects against suits for defamation; however reckless or dishonest the testimony" made in the course of state court litigation, *MacGregor v. Ruberg,* 478 F.3d 790, 791 (7th Cir. 2007), to the FDCPA. Such a request is contrary to the plain language of the FDCPA, Congresses legislative intent and case law. As such, Rotche's Third Affirmative Defense is insufficient as a matter of law and should be struck.

## CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiffs request this Honorable Court to strike Rotche's Third Affirmative Defense.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Colleen M. McLaughlin
Law Offices of Colleen M. McLaughlin
1751 S. Naperville Rd., Ste. 209
Wheaton, IL 60187
(630) 221-0305 (TEL)

Dmitry N. Feofanov
ChicagoLemonLaw.com, P.C.
404 Fourth Avenue West
Lyndon, IL 61261
(815) 986-7303 (TEL)